UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EMMETTE McCORMICK, JR.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 07-0570 (EGS) |
| ) | |
| **DISTRICT OF COLUMBIA**, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### JOINT REPORT TO THE COURT

The parties to the above action hereby submit the following Joint Report to the Court, in accordance with Rule 16, Fed. R. Civ. P., and LCvR 16.3.

#### Plaintiff's Statement of the Case and Claims

Plaintiff Emmette McCormick, Jr., was a highly regarded Supervisory Correctional Officer successfully employed by the D.C. Department of Corrections from 1984, until his unlawful termination, effective March 31, 2006. Plaintiff conducted an investigation which ultimately determined that the Department of Corrections Office of Internal Affairs leaked the home addresses of two correctional officers slated to testify in the prosecution of a violent inmate charged with assaulting a third correctional officer. The unauthorized leak of these correctional officers' home addresses led to one or both officers and their families being physically threatened.

Plaintiff's investigation and report to the Acting Warden of the D.C. Jail and the Director of the Office of Internal Affairs, the

second investigation and report by plaintiff, led to a pretextual investigation of plaintiff's use of force to return three violent inmates to their cells.  Officials of the D.C. Jail who had previously reviewed plaintiff's actions had already concluded that plaintiff's use of force was justified and prevented continued and further aggression by the inmates.  Nonetheless, and without cause, the Office of Internal Affairs placed plaintiff under ex parte investigation and pretextually concluded that he had used excessive force in the foregoing incident.  Defendants then unlawfully terminated plaintiff from the Department of Corrections without prior notice or due process of law, effective March 31, 2006, based on the undisclosed investigative finding of the Office of Internal Affairs.

 Defendants' actions unlawfully and wrongfully deprived plaintiff of protected liberty interests by foreclosing plaintiff from continuing in his chosen occupation and by stigmatizing plaintiff in terminating his employment without due process of law in violation of the Fifth Amendment to the Constitution and 42 U.S.C. §1983; terminated plaintiff in violation of public policy; and subjected plaintiff to one or more prohibited personnel practices in violation of the D.C. Whistleblower Statute, § 1-615.51 et seq.  Plaintiff seeks declaratory and injunctive relief; reinstatement; record correction; a name clearing hearing; compensatory damages in an amount to be determined at trial of not less than $6 million; punitive damages in an amount no less than ten times the amount of compensatory damages; and an award of his attorneys fees and costs.

<u>Defendants' Statement of the Case</u>

Plaintiff, an at-will employee, was terminated from employment because he physically assaulted an inmate by striking him several times in the face, while the inmate was handcuffed, and throwing water in the same inmate's face. The incident was witnessed by several correctional officers and corroborated by medical reports. Plaintiffs conduct violated D.C. law.

Plaintiff was not terminated because he had previously conducted an internal investigation about how personal information of some correctional officers was released to third parties. Contrary to plaintiff's representations, it appears that the District informed plaintiff about the reasons for his termination. As an at-will employee, plaintiff could have been terminated for any reason. Here, however, the District had a rational basis for his termination— plaintiff's illegal criminal conduct.

1.) <u>Resolution By Dispositive Motion</u>:  Plaintiff takes the position that this case is unlikely to be resolved on dispositive motion.  Defendant would like the opportunity to file a dispositive motion in this case.

2.) <u>Amendment of Pleadings</u>:  Plaintiff does not anticipate amending the Amended Complaint, although he reserves the right to do so.

3.) <u>Assignment to a Magistrate Judge</u>:  Plaintiff will consider consenting to the assigned of this case to a U.S. Magistrate Judge, upon being advised of defendants' position.  Defendant is

willing to assign this case to a magistrate judge for discovery matters only.

4.) <u>Settlement Possibility</u>: The parties believe that settlement discussions could bring about a resolution of this case and is prepared to engage in them after the commencement of discovery.

5.) <u>ADR</u>: Plaintiff believes that ADR would be a benefit in this case at any stage. Defendants believe that ADR would be a benefit after the commencement of discovery.

6.) <u>Resolution on Summary Judgment</u>: Plaintiff does not believe that this case can properly be resolved on summary judgment. Defendant believes that this case can be resolved on summary judgment.

7.) <u>Disclosures</u>: The parties have agreed to make their initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court 45 days after the Court issues an Initial Scheduling Order.

Plaintiff proposes that unless the Attorney General's Office is prepared to accept service of process for current and former employees of the District, the parties provide home addresses and telephone numbers of persons identified in disclosures, and that the parties serve copies of all documents identified in disclosures, in accordance with <u>Viverso v. Nationwide Janitorial Service, Inc.</u>, 200 F.R.D. 681, 684 (N.D. Ga. 2000); <u>Dixon v. Certainteed Corp.</u>, 164 F.R.D. 685, 698 (D. Kan. 1996); and <u>Folsom v. Heartland Bank</u>, 1999 WL 322691 (D. Kan. 1999).

The Office of Attorney General is currently not prepared to accept service of process for current or former employees of the

District since it is not authorized to do so. The District may be willing to provide the last known address of government employees provided that there is no security risks involved and the parties enter into an agreement that any confidential information about any employee that is disclosed during discovery is not released to third parties and will be used for litigation purposes only.

8.) <u>Extent of Discovery</u>: The parties respectfully submit that there should be a five month period for discovery, beginning from the parties' first conference.[1]  Plaintiff anticipates that complete development of an evidentiary record will require discovery to the extent permitted by the presumptive discovery limitations set out in the Federal Rules of Civil Procedure, but at present, does not see a need to exceed those limitation.

9.) <u>Expert Witnesses</u>:  The parties agree that expert disclosures, if any, will be made in accordance with the schedule provided under Federal Rule of Civil Procedure 26(a)(2)(c), and that, if experts are designated, they be deposed at mutually agreeable dates and times after disclosures are made.

10.) <u>Class Action Issues</u>:  Not relevant.

11.) <u>Bifurcation Of Liability And Damages</u>: The parties do not anticipate a need to bifurcate this matter.

---

[1]  Plaintiff served his opening round of written discovery with the initial Complaint when it was filed in Superior Court.  On March 23, 2007, and again on June 4, 2007, counsel for plaintiff wrote to counsel for defendants to advise him that defendants should treat plaintiff's Interrogatories and RFP's as though served on the date of their first Rule 26 conference.

12.) <u>Date for Pretrial Conference</u>:  The parties agree that a status conference should be scheduled after the close of discovery. Plaintiff proposes that the Court set a dispositive briefing schedule at or before that conference, at which time it should also schedule a pre-trial conference.

13.) <u>Trial Date</u>:   The parties are amenable to having a firm trial date set at the pre-trial conference.

14.) <u>Other Matters</u>:  Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure, of confidential information and a medical information affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

SO STIPULATED:


_____/s/_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C.  20004
(202) 955-6968
Counsel for Plaintiff


_____/s/_____
Phillip A. Lattimore III
Section Chief
General Litigation III
Office of Attorney General
441 4th St, NW
Washington, D.C. 20001
(202) 727-6295

                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


**EMMETTE McCORMICK, JR.**         )
                                    )
    **Plaintiff,**                  )
                                    )
             v.                )   Civ. Action No. 07-0570 (EGS)
                                    )
**DISTRICT OF COLUMBIA, et al.,**   )
                                    )
    **Defendants.**                 )
_____ )


                        **INITIAL SCHEDULING ORDER**

    Upon consideration of the parties' Joint Report to the Court, and the entire record in this matter, it is hereby:

    ORDERED that the parties and their counsel are to notify the Court promptly if they agree upon the assignment of this case to a U.S. Magistrate Judge for Alternative Dispute Resolution.

    ORDERED that the parties will make their initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court 45 days after the issuance of this Order.

    ORDERED that the parties shall continue to work cooperatively in connection with production of home addresses and telephone numbers of individuals, including current and former employees of the District, in their disclosures and discovery responses.  In the event that the parties are unable to resolve this issue or any other discovery issue without intervention by the Court, the parties are to contact Chambers before filing written motions for protective orders or written motions to compel to ascertain which procedure the Court will be directing them to follow for the resolution of their dispute.

ORDERED that the discovery cut-off date shall be five months from the parties' first Rule 16 conference.

ORDERED that discovery shall be permitted to the extent contemplated by the Federal Rules of Civil Procedure, but shall not exceed those limitations absent agreement of the parties or Order of the Court.

ORDERED that expert disclosures, if any, will be made in accordance with the schedule provided under Federal Rule of Civil Procedure 26(a)(2)(c); if experts are designated, they will be deposed at mutually agreeable dates and times after disclosures are made.

ORDERED that a post-discovery status conference is hereby scheduled for _____, 2007; at which the Court will ascertain the parties' positions relative to ADR; set a summary judgment schedule; and schedule a pre-trial conference.

FURTHER ORDERED that counsel for both parties are to work cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure, of confidential information and medical information affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of

scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

      Dated this \_\_\_\_ day of \_\_\_\_, 2007.