UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMETTE McCORMICK, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0570 (EGS) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## JOINT MOTION FOR PROTECTIVE ORDER

The parties, through counsel and pursuant to Fed. R. Civ. P. 26 (c), respectfully move this Court for a protective order to govern the disclosure and discovery of confidential records and information, including but not limited to personnel records of Department of Corrections' employees, confidential documents compiled during investigations conducted by the Office of Internal Affairs, and medical information and records subject to the Health Insurance Portability and Protection Act. The parties' proposed protective order is attached hereto. In support of this motion, the parties state as follows:

1.  Plaintiff has requested through discovery the personnel records of Devon Brown, the Director of the Department of Corrections and Wanda Patten, Chief of the Office of Internal Affairs. Counsel for Plaintiff and Defendant have agreed upon the terms of a protective order for the disclosure of such personnel records if this Court determines such records are relevant to this litigation.

2.  By statute, the District Government must ensure the confidentiality of its personnel records. "All official personnel records of the District government shall be established, maintained and disposed of in a manner <u>designed to ensure the greatest degree of</u>

<u>applicant or employee privacy</u> while providing adequate, necessary and complete information for the District to carry out its responsibilities . . . ." D.C. Code § 1-631.01 (2001) (emphasis added). Under the Code and its implementing regulations, the disclosure of such personnel information is essentially limited to appropriate personnel and law enforcement agencies, provided that, furthermore, such disclosure does not constitute an unwarranted invasion of personal privacy. D.C. Code § 1-631.03 (2001); 6 DCMR § 3100 *et seq.* Moreover, the disclosure of personal information of a Department of Corrections' employee raises unique safety and security concerns for that employee and his or her family.

      3.      Plaintiff has also requested records related to internal reports compiled by the Office of Internal Affairs. Such documents include not only the confidential reports discussing misconduct by Department of Corrections' officers but also supporting material including witness interviews. Release of these confidential documents outside this litigation poses the risk of grave harm to Department of Corrections' officers who may be viewed as informing on a former Department of Corrections employee and subject to retaliation. The ability of the Office of Internal Affairs to conduct investigations would also be severely impaired if it were unable to protect the identity of those officers who came forward during an investigation. The parties have also agreed to a protective order governing the disclosure of these internal reports and related documents.

      4.      The parties anticipate disclosing and seeking the production of other confidential information and records including, but not limited to, that which is subject to the Health Insurance Portability and Protection Act

      5.      Given the competing interests of protecting the confidentiality of these records while complying with the parties' reasonable discovery requests and obligations to make

disclosures, the parties respectfully submit that the proposed protective order adequately protects both interests by permitting the disclosure and production of records while limiting dissemination of these records for any purpose other than the present litigation and keeping them in strict confidence.

    Accordingly, for the reasons stated, the parties respectfully request that this Court enter the proposed protective order, which is attached hereto.

Respectfully submitted,

_____/s/_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C.  20004
(202) 955-6968

Counsel for Plaintiff


_____/s/_____
LINDA SINGER
Attorney General for the District of Columbia

George C. Valentine
Deputy Attorney General
Civil Litigation Division


_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III

                                                /s/
_____
Wesley J. Heath [488100]
Special Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 727-6295
(202) 727-3625 (fax)
Email:  wes.heath@dc.gov
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EMMETTE McCORMICK, JR.,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Civil Action No. 07-0570 (EGS) |
| **DISTRICT OF COLUMBIA et al.** | ) ) ) |
| **Defendants.** | ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR PROTECTIVE ORDER**

1.   Fed. R. Civ. P. 26(c).

2.   The inherent powers of this Court.

3.   The reasons stated in the Joint Motion for Protective Order.

Respectfully submitted,

_____/s/_____
Robert C. Seldon, Esq.
 D.C. Bar No. 245100
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C.  20004
(202) 955-6968

Counsel for Plaintiff


_____/s/_____
LINDA SINGER
Attorney General for the District of Columbia

George C. Valentine
Deputy Attorney General
Civil Litigation Division


_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III


_____/s/_____
Wesley J. Heath [488100]
Special Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 727-6295
(202) 727-3625 (fax)
Email:  wes.heath@dc.gov
Attorneys for Defendants

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMETTE McCORMICK, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-0570 (EGS) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**STIPULATED PROTECTIVE ORDER**

The parties to this action anticipate seeking and/or disclosing personnel, medical, corrections and law enforcement records that are likely to contain confidential information, including, but not limited to, information and records protected by D.C. Code § 1-631.01 (2001), 6 DCMR § 3100 *et seq.*, or the Health Insurance Portability and Protection Act. In order to permit the parties to discover and disclose relevant confidential information and records, pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties agree and it is hereby:

ORDERED that, subject to the terms of this Protective Order, counsel for defendants is authorized to release information and records otherwise protected from disclosure by law without obtaining prior written consent of the individuals to whom such records pertain provided that such information is reasonably related to this litigation.

ORDERED that whenever counsel for any party believes that it may be disclosing personnel, medical, corrections and law enforcement records that are likely to contain confidential information, including, but not limited to, information and records protected by D.C. Code § 1-

1

631.01 (2001), 6 DCMR § 3100 *et seq.*, or the Health Insurance Portability and Protection Act, or that may contain other types of confidential, corrections, or law enforcement information, the following procedures shall be employed:

    1.)    Counsel for the party producing records containing confidential information shall designate information and records as subject to this Order by letter or by marking documents containing such information with the notation "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL." Either party designating material as protected hereunder represents that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential, deserving of protection, and entitled to protection under this Protective Order.

    2.)    Upon request from the other party, counsel for the producing party will promptly explain its basis for designating material as being subject to the Protective Order.

    3.)    Either party's counsel may, at any time, object to the designation of material as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected.

    4.)    Documents identified as "CONFIDENTIAL" pursuant to this Protective Order shall be used only with respect to the litigation of this action and not disseminated to persons other than the named parties; counsel for the named parties or their agents or experts for use with respect to this litigation; witnesses in the course of deposition or at trial, in the good faith belief that examination with respect to confidential documents is necessary for legitimate discovery

purposes; and this Court and its employees, the triers of fact and court reporters transcribing testimony herein and notarizing officers.

      5.)      Documents identified as "CONFIDENTIAL MEDICAL" pursuant to this Protective Order shall be used only with respect to the litigation of this action and not disseminated to persons other than counsel of record for the parties, or their agents or experts for use with respect to this litigation; witnesses in the course of deposition or at trial, in the good faith belief that examination with respect to confidential documents is necessary for legitimate discovery purposes; and this Court and its employees, the triers of fact and court reporters transcribing testimony herein and notarizing officers. No current or former officials or employees of the District of Columbia or the Department of Corrections, with the exception of the General Counsel, Deputy General Counsel, other mutual agreeable agency counsel at the Department of Corrections, or individually named defendants, shall have access to plaintiff's records designated "CONFIDENTIAL MEDICAL," although the Court will upon request reconsider such access at a time when defendant believes such access has become necessary for purposes of considering settlement and/or trial.

      6.)      Prior to the disclosure of "CONFIDENTIAL" OR "CONFIDENTIAL MEDICAL" documents or information to any persons described in the preceding paragraph other than counsel of record, counsel for the parties shall provide such persons with a copy of this Order and shall advise them that the disclosure of these documents is subject to the terms of this Protective Order. Confidential documents shall be disclosed to an expert or an individual defendant only after such person has signed a copy of this Protective Order thereby affirming that they have read and agree to be bound by the terms of this Protective Order. Upon request, counsel for the parties shall

3

advise opposing counsel in writing that he has complied with the provisions of this Order. "CONFIDENTIAL MEDICAL" documents or information that is provided to counsel for fewer than all parties' shall be provided to counsel for all parties upon receipt.

      7.)      Defendants may redact from these confidential documents the following types of information: home addresses, home or personal phone numbers, personal e-mail addresses, dates of birth, Social Security Numbers, health and life insurance information, personal automobile information, and any medical documentation; provided, however, that upon request by counsel for plaintiff, unless the person to whom such information pertains has consented to defendants' counsel of record or agency counsel at the Department of Corrections accepting service of process on his behalf, accepting a notice of deposition on his behalf, or arranging for plaintiff's counsel to communicate with that individual, home addresses, home or personal phone numbers, and personal e-mail addresses shall be provided to counsel for plaintiff absent further Order of the Court if such information is in defendant's possession.

      8.)      When this proceeding has concluded and the time for an appeal or appeals has expired, Plaintiff shall within sixty (60) days of written request by counsel: (1) either destroy, or gather and return to counsel, all such confidential records including those provided to experts and summaries or abstracts of confidential records provided to or possessed by experts, and (2) serve on counsel a letter signed by counsel, certifying that to the best of counsel's knowledge and belief, all such confidential records have been either destroyed, or gathered and returned.

      9.)      This Protective Order shall continue in effect after the conclusion of this action. Counsel for the parties may retain abstracts or summaries of confidential records which contain counsel's mental impressions or opinions or such abstracts or summaries. Such abstracts and

summaries shall remain subject to this Protective Order.

   10.)   The parties shall not file "CONFIDENTIAL" OR "CONFIDENTIAL MEDICAL" on the public docket of this action.

   11.)   If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of records that have been designated as subject to this Order pursuant to paragraph one, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraph one of this Consent Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, and the words "under seal."

   12.)   Nothing in this Protective Order should be taken as limiting the right of any party to offer documents and information covered by this Order into the record of this action in redacted form that deletes "CONFIDENTIAL" and "CONFIDENTIAL MEDICAL" information and records and from which such information cannot be determined.

   13.)   Nothing contained in this Protective Order shall be construed as precluding Plaintiff or Defendants from introducing materials that are subject to this Order, or the contents thereof, into evidence at the trial of this case, at which point the continued confidential treatment of "CONFIDENTIAL" OR "CONFIDENTIAL MEDICAL" documents or information will be adjudicated de novo.

   14.)   This Order is without prejudice to the rights of any party to seek from the Court

the modification of this Order or to object the a party's designation of documents or information as "CONFIDENTIAL" OR "CONFIDENTIAL MEDICAL."

SO ORDERED:

_____
EMMET G. SULLIVAN
United States District Judge

Dated this \_\_\_\_ day of \_\_\_\_, 2007.