## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EMMETTE McCORMICK, JR.,     )
                              )
       Plaintiff,        )
                              )     Civil Action No: 07-570 (EGS)
      v.             )
                              )
DISTRICT OF COLUMBIA, *et al.*,     )
                              )
       Defendants.      )
                              )

## DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants District of Columbia, Devon Brown, and Wanda Patten, by and through undersigned counsel, hereby amend their Answer to Plaintiff's First Amended Complaint. Defendants amend their Answer to the Plaintiff's First Amended Complaint as follows:

### INTRODUCTION

1.    Defendants admit that Plaintiff's termination was effective March 31, 2006 and that he worked for the Department of Corrections from 1984 to that date but deny the remaining averments in Paragraph One (1) of Plaintiff's First Amended Complaint.

2.    Defendants admit that a leak of the home addresses of two correctional officers slated to testify in the prosecution of a violent inmate charged with assaulting a third officer occurred and that Plaintiff conducted a shakedown that retrieved the leaked information. Defendants deny that Plaintiff's

shakedown constituted an investigation and deny that the Department of Corrections Office of Internal Affairs was responsible for the leak.

3. Defendants deny the averments in Paragraph Three (3) of Plaintiff's First Amended Complaint.

4. Defendants deny the averments in Paragraph Four (4) of Plaintiff First Amended Complaint.

5. Defendants deny the averments in Paragraph Five (5) of Plaintiff's First Amended Complaint.

6. Defendants admit that Plaintiff was terminated effective March 31, 2006 because he used excessive force. Defendants deny the remaining averments in Paragraph Six (6) of Plaintiff's First Amended Complaint.

7. Paragraph Seven (7) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

8. Paragraph Eight (8) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

## PARTIES AND JURISDICTION

9. Defendants deny that Plaintiff's termination was unlawful. Defendants admit the remaining averments in Paragraph Nine (9) of Plaintiff's First Amended Complaint.

10.     Defendants deny that they committed any unlawful acts. Defendants admit the remaining averments in Paragraph Ten (10) of Plaintiff's First Amended Complaint.

11.     Paragraph Eleven (11) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, Defendant Devon Brown denies these allegations.

12.     Paragraph Twelve (12) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, Defendant Wanda Patten denies these allegations.

13.     Defendants admit they removed this action to this Court. The remaining averments contained in Paragraph Thirteen (13) of Plaintiff's First Amended Complaint are legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, Defendants deny these allegations.

## STATEMENT OF THE CASE

### Background

14.     Defendants deny that Plaintiff's termination was unlawful. Defendants admit the remaining averments in Paragraph Fourteen (14) of Plaintiff's First Amended Complaint.

15.   Defendants deny that Plaintiff was a highly regarded correctional officer but admit that he occasionally received awards and/or commendations during his tenure at the Department of Corrections.

16.   Defendants deny the averments in Paragraph Sixteen (16) of Plaintiff's First Amended Complaint.

17.   Defendants admit the averments in Paragraph Seventeen (17) of Plaintiff's First Amended Complaint.

18.   Defendants admit the averments in Paragraph Eighteen (18) with the exception that Plaintiff's appointment was in "recognition of his outstanding service." Defendants are without sufficient information to admit or deny that Plaintiff was appointed in "recognition of his outstanding service." To the extent an answer is required, Defendants deny the allegation at this time.

19.   Defendants admit that Plaintiff was given a bonus upon completion of his service at the Occoquan Facility but deny that it was substantial. Defendants are without sufficient information to admit or deny that Plaintiff was awarded the title "Acting Major with Distinction." To the extent an answer is required, Defendants deny the allegation at this time.

20.   Defendants admit the averments in Paragraph Twenty (20) of Plaintiff's First Amended Complaint.

21.   Defendants admit the averments in Paragraph Twenty-One (21) of Plaintiff's First Amended Complaint.

   Plaintiff's Service at the D.C. Jail/Central Detention Facility

22.  Defendants admit the averments in Paragraph Twenty-Two (22) of Plaintiff's
     First Amended Complaint.

23.  Defendants admit the averments in Paragraph Twenty-Three (23) of Plaintiff's
     First Amended Complaint.

24.  Defendants deny that Plaintiff's termination was unlawful.  Defendants admit
     the remaining averments in Paragraph Twenty-Four (24) of Plaintiff's First
     Amended Complaint.

25.  Defendants admit the averments in Paragraph Twenty-Five (25) of Plaintiff's
     First Amended Complaint.

26.  Defendants admit the averments in Paragraph Twenty-Six (26) of Plaintiff's
     First Amended Complaint.

     Plaintiff's Inquiry Into Activities of the Office of Internal Affairs

27.  Defendants are without sufficient information to admit or deny the allegations
     contained in Paragraph Twenty-Seven (27) of Plaintiff's First Amended
     Complaint.  To the extent that an answer is required, Defendants deny the
     allegations at this time.

28.  Defendants admit the averments in Paragraph Twenty-Eight (28) of Plaintiff's
     First Amended Complaint.

29.  Defendants deny the averments in Paragraph Twenty-Nine (29) of Plaintiff's
     First Amended Complaint.

30.  Defendants deny that Plaintiff's termination was unlawful.  Defendants admit
     the remaining averments in Paragraph Thirty (30) of Plaintiff's First Amended
     Complaint.

31.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph Thirty-One (31) of Plaintiff's First Amended Complaint.  To the extent that an answer is required, Defendants deny the allegations at this time.

32.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph Thirty-Two (32) of Plaintiff's First Amended Complaint.  To the extent that an answer is required, Defendants deny the allegations at this time.

33.    Defendants admit that Plaintiff conducted a search of two inmates for the statements in question, that one of those inmates produced unredacted copies of the two correctional officers' statements that had been taken by Defendant Patten of the Office of Internal Affairs, and that his questioning of the inmate with the statements yielded information regarding the means by which the inmate had obtained those statements.  Defendant, however, denies that Plaintiff's questioning revealed that the Office of Internal Affairs was responsible for the unauthorized disclosure.

34.    Defendants deny that the Office of Internal Affairs disclosed the correctional officers' statements.  Defendants admit the remaining averments in Paragraph Thirty-Four (34) of Plaintiff's First Amended Complaint.

Defendants' Responses to Plaintiff's Informative Report

35.    Defendants deny the averments in Paragraph Thirty-Five (35) of Plaintiff's First Amended Complaint.

36.  Defendants deny the averments in Paragraph Thirty-Six (36) of Plaintiff's
     First Amended Complaint.

### Defendants' First Response

37.  Defendants deny that the inquiry by Plaintiff took place before March 31,
     2005 but admit that it took place on April 5, 2005.  Defendants admit the
     remaining averments in Paragraph Thirty-Seven (37) of Plaintiff's First
     Amended Complaint.

38.  Defendants admit that Plaintiff examined the seized contraband.  Defendants
     are without sufficient information to admit or deny the remaining averments
     in Paragraph Thirty-Eight (38) of Plaintiff's First Amended Complaint.  To
     the extent an answer is required, Defendants deny the averments at this time.

39.  Defendants admit that Plaintiff ordered various officers involved in the seizure
     of the substance to prepare written reports.  Defendants are without sufficient
     information to admit or deny the remaining averments in Paragraph Thirty-
     Nine (39) of Plaintiff's First Amended Complaint.  To the extent an answer is
     required, Defendants deny the averments at this time.

40.  Defendants admit that an officer submitted a report falsely stating upon order
     from the Plaintiff that the substance had been seized with the assistance of a
     drug sniffing dog.  Defendants are without sufficient information to admit or
     deny the remaining averments in Paragraph Forty (40) of Plaintiff's First
     Amended Complaint.  To the extent an answer is required, Defendants deny
     the averments at this time.

41.    Defendants admit that a subordinate informed Plaintiff that the officer's report indicating that the substance had been seized with the assistance of a drug sniffing dog was false but deny that Plaintiff was not already aware that the report was false.

42.    Defendants admit that "[a] correctional officer's submission of an official report of his activities at the D.C. Jail/Central Correctional Facility that knowingly contained false material information warranted investigation by the Department of Corrections' Office of Internal Affairs and disciplinary action" including in some circumstances termination of employment.

43.    Defendants admit that Plaintiff contacted Deputy Director Patricia Britton-Jackson about the false incident report submitted but deny that Plaintiff acted at the direction of Acting Warden Corbett and deny that he contacted Defendant Patten.

44.    Defendants deny the averments contained in Paragraph Forty-Four (44) of Plaintiff's First Amended Complaint.

45.    Defendants admit that Defendant Patten initiated an investigation of the false incident report after being contacted by Deputy Director Patricia Britton-Jackson and concluded that Plaintiff had ordered his subordinate to submit a false incident report and had contacted Deputy Director Patricia Britton-Jackson in an attempt to explain his misconduct.  Defendants deny that the investigation conducted by Defendant Patten was pretextual.

46.    Defendants deny the averments contained in Paragraph Forty-Six (46) of Plaintiff's First Amended Complaint.

47.　Defendants deny the averments contained in Paragraph Forty-Seven (47) of Plaintiff's First Amended Complaint.

### Defendants' Second Response

48.　Defendants admit the averments contained in Paragraph Forty-Eight (48) of Plaintiff's First Amended Complaint.

49.　Defendants are without sufficient information to admit or deny the averment contained in Paragraph Forty-Nine (49) of Plaintiff's First Amended Complaint that the inmates were threatening to become violent.  To the extent that an answer is required, Defendants deny the averment at this time. Defendants admit the remaining averments in Paragraph Forty-Nine (49) of Plaintiff's First Amended Complaint.

50.　Defendants admit the averments contained in Paragraph Fifty (50) of Plaintiff's First Amended Complaint.

51.　Defendants admit that two inmates refused to return to their cells and became violent but deny that three inmates behaved in this manner.

52.　Defendants admit that the Office of Internal Affairs report concerning this incident concluded that Plaintiff's decision to use physical force and chemical sprays upon two inmates was not inappropriate or unreasonable.  Defendants deny that Plaintiff's use of force against a third inmate was reasonable or appropriate but admit that Plaintiff used force in an illegal and unreasonable manner.

53.　Defendants admit that the three inmates upon which Plaintiff used physical force were offered medical examination and treatment.  One inmate initially

refused treatment but later reconsidered and was treated on January 14, 2006. Defendants admit the remaining averments in Paragraph Fifty-Three (53) of Plaintiff's First Amended Complaint.

54.    Defendants admit the averments contained in Paragraph Fifty-Four (54) of Plaintiff's First Amended Complaint.

55.    Defendants admit the averments contained in Paragraph Fifty-Five (55) of Plaintiff's First Amended Complaint.

56.    Defendants deny the averments contained in Paragraph Fifty-Six (56) of Plaintiff's First Amended Complaint.

57.    Defendants admit that the report prepared by the Office of Internal Affairs substantiated misconduct by the Plaintiff in connection with the incident in question and that Plaintiff did not receive a copy of this report prior to his termination but deny Plaintiff was entitled to a copy of this report. Defendants deny the remaining averments contained in Paragraph Fifty-Seven (57) of Plaintiff's First Amended Complaint.

Plaintiff's Termination By Defendants

58.    Defendants admit the averments contained in Paragraph Fifty-Eight (58) of Plaintiff's First Amended Complaint.

59.    Defendants admit that Plaintiff termination was effective March 31, 2006. Defendants deny that a "basis" must exist to fire Plaintiff as he was an "at will" employee. Defendants admit that the Office of Internal Affairs report documented illegal and criminal behavior by Plaintiff that led to the Department of Corrections' decision to terminate him.

60.  Defendants admit that Plaintiff was terminated without a hearing but deny he was entitled to one.  Defendants deny the remaining averments in Paragraph Sixty (60) of Plaintiff's First Amended Complaint.

61.  Paragraph Sixty-One (61) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, the Defendants deny these allegations.

62.  Paragraph Sixty-Two (62) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, the Defendants deny these allegations.

## COUNT I

### (Fifth Amendment – Liberty Interest)

63.  Defendants incorporate by reference the answers in Paragraphs 1 through 62 above, as though fully set forth here.

64.  Defendants admit the averments contained in Paragraph Sixty-Four (64) of Plaintiff's First Amended Complaint but deny that Plaintiff was entitled to a copy of the record or a pre-termination hearing.

65.  Paragraph Sixty-Five (65) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required.  To the extent a response is required, the Defendants deny these allegations.

66.    Paragraph Sixty-Six (66) of Plaintiff's First Amended Complaint contains
       legal conclusions and a statement of Plaintiff's claim to which no response is
       required.  To the extent a response is required, the Defendants deny these
       allegations.

67.    Paragraph Sixty-Seven (67) of Plaintiff's First Amended Complaint contains
       legal conclusions and a statement of Plaintiff's claim to which no response is
       required.  To the extent a response is required, the Defendants deny these
       allegations.

68.    Paragraph Sixty-Eight (68) of Plaintiff's First Amended Complaint contains
       legal conclusions and a statement of Plaintiff's claim to which no response is
       required.  To the extent a response is required, the Defendants deny these
       allegations.

69.    Paragraph Sixty-Nine (69) of Plaintiff's First Amended Complaint contains
       legal conclusions and a statement of Plaintiff's claim to which no response is
       required.  To the extent a response is required, the Defendants deny these
       allegations.

70.    Paragraph Seventy (70) of Plaintiff's First Amended Complaint contains legal
       conclusions and a statement of Plaintiff's claim to which no response is
       required.  To the extent a response is required, the Defendants deny these
       allegations.

COUNT II

(Fifth Amendment – Liberty Interest – 42 U.S.C. § 1983)

71.     Defendants incorporate by reference the answers in Paragraphs 1 through 70
        above, as though fully set forth here.

72.     Defendants admit the averments contained in Paragraph Seventy-Two (72) of
        Plaintiff's First Amended Complaint but deny that Plaintiff was entitled to a
        copy of the record or a pre-termination hearing.

73.     Paragraph Seventy-Three (73) of Plaintiff's First Amended Complaint
        contains legal conclusions and a statement of Plaintiff's claim to which no
        response is required. To the extent a response is required, the Defendants
        deny these allegations.

74.     Paragraph Seventy-Four (74) of Plaintiff's First Amended Complaint contains
        legal conclusions and a statement of Plaintiff's claim to which no response is
        required. To the extent a response is required, the Defendants deny these
        allegations.

75.     Paragraph Seventy-Five (75) of Plaintiff's First Amended Complaint contains
        legal conclusions and a statement of Plaintiff's claim to which no response is
        required. To the extent a response is required, the Defendants deny these
        allegations.

76.     Paragraph Seventy-Six (76) of Plaintiff's First Amended Complaint contains
        legal conclusions and a statement of Plaintiff's claim to which no response is
        required. To the extent a response is required, the Defendants deny these
        allegations.

77.     Paragraph Seventy-Seven (77) of Plaintiff's First Amended Complaint
        contains legal conclusions and a statement of Plaintiff's claim to which no

response is required. To the extent a response is required, the Defendants deny these allegations.

78. Paragraph Seventy-Eight (78) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

79. Paragraph Seventy-Nine (79) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

## COUNT III

### (Fifth Amendment – Liberty Interest)

80. Defendants incorporate by reference the answers in Paragraphs 1 through 79 above, as though fully set forth here.

81. Defendants admit the averments contained in Paragraph Eighty-One (81) of Plaintiff's First Amended Complaint but deny that Plaintiff was entitled to a copy of the record or a pre-termination hearing.

82. Paragraph Eighty-Two (82) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

83. Paragraph Eighty-Three (83) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is

required. To the extent a response is required, the Defendants deny these allegations.

84.    Paragraph Eighty-Four (84) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

85.    Paragraph Eighty-Five (85) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

86.    Paragraph Eighty-Six (86) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

87.    Paragraph Eighty-Seven (87) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

## COUNT IV

(Fifth Amendment – Liberty Interest – 42 U.S.C. § 1983)

88.    Defendants incorporate by reference the answers in Paragraphs 1 through 87 above, as though fully set forth here.

89.    Defendants admit the averments contained in Paragraph Eighty-Nine (89) of Plaintiff's First Amended Complaint but deny that Plaintiff was entitled to a copy of the record or a pre-termination hearing.

90.    Paragraph Ninety (90) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

91.    Paragraph Ninety-One (91) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

92.    Paragraph Ninety-Two (92) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

93.    Paragraph Ninety-Three (93) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

94.    Paragraph Ninety-Four (94) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

95.   Paragraph Ninety-Five (95) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

96.   Paragraph Ninety-Six (96) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

## COUNT V

### (D.C. Whistleblower Statute, §§ 1-615.51, et seq.)

97.   Defendants incorporate by reference the answers in Paragraphs 1 through 96 above, as though fully set forth here.

98.   Paragraph Ninety-Eight (98) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

99.   Paragraph Ninety-Nine (99) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

100.  Paragraph One Hundred (100) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no

response is required. To the extent a response is required, the Defendants deny these allegations.

101.    Paragraph One Hundred and One (101) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

102.    Paragraph One Hundred and Two (102) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

103.    Paragraph One Hundred and Three (103) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

## COUNT VI

### (Wrongful Discharge)

104.    Defendants incorporate by reference the answers in Paragraphs 1 through 103 above, as though fully set forth here.

105.    Paragraph One Hundred and Five (105) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

106.   Paragraph One Hundred and Six (106) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

107.   Paragraph One Hundred and Seven (107) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

108.   Paragraph One Hundred and Eight (108) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

109.   Paragraph One Hundred and Nine (109) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

110.   Paragraph One Hundred and Ten (110) of Plaintiff's First Amended Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent a response is required, the Defendants deny these allegations.

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

If Plaintiff were injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

### Third Defense

Plaintiff might have failed to exhaust his administrative remedies and/or failed to comply with other mandatory filing requirements.

### Fourth Defense

Plaintiff might have failed to file timely a grievance or otherwise failed to protect himself from the alleged conduct.

### Fifth Defense

The Complaint may have been filed in an untimely fashion.

### Sixth Defense

All actions taken by Defendants relating to Plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

### Seventh Defense

Plaintiff may have failed to meet the applicable statutes of limitation.

### Eighth Defense

All actions performed by Defendants met or exceed the applicable standard of care.

Ninth Defense

Defendants performed their obligations, if any, toward Plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

Tenth Defense

Defendants acted in good faith and with the reasonable belief that their acts were lawful under the circumstances.

Eleventh Defense

Plaintiff has failed to mitigate his damages.

Twelfth Defense

This action may be barred by the doctrine of laches and/or statutes of limitation and/or the doctrine of unclean hands.

Thirteenth Defense

Defendants may be immune from liability under the doctrines of governmental immunity, privilege and/or official immunity, or qualified immunity.

JURY DEMAND

Defendants hereby demand a trial by jury of twelve (12) on all issues so triable.

Defendants District of Columbia, Devon Brown, and Wanda Patten, reserve the right to supplement this Answer as discovery is ongoing.

Wherefore, Defendants pray that this matter be dismissed with prejudice and that costs be awarded.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General,
Civil Litigation Division

_____/s/_____
PHILLIP LATIMORE, III [422968]
Chief, General Litigation, Section III

_____/s/_____
Wesley J. Heath [488100]
Special Assistant Attorney General
Suite 600S
441 4th Street, N.W.
Washington D.C. 20001
(202) 424-9866 (tel)
(202) 727-3625 (fax)
E-mail: wes.heath@dc.gov