UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMMETTE MCCORMICK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 07-0570 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## BUREAU OF PRISONS' MOTION TO QUASH AND SUPPORTING MEMORANDUM

The Federal Bureau of Prisons ("BOP"), respectfully moves to quash the third-party subpoena issued to it by counsel for Plaintiff, dated June 11, 2008, and attached as Exhibit 1.  By Minute Order entered July 14, 2008, the Court directed the filing of papers not exceeding three pages.  Plaintiff's subpoena seeks numerous BOP records and testimony about hiring practices for correctional officers.  In this lawsuit, Plaintiff alleges employment discrimination in his termination by the District of Columbia Department of Corrections ("DOC").  BOP is a stranger to the underlying events.  At best, the subpoena is a thinly disguised attempt to obtain free expert testimony and should be quashed pursuant to Rule 45(c)(3).  A proposed order is attached.

**Background**: As BOP explained in its objection letter to Plaintiff's counsel, there is no indication that BOP has any connection to ***any*** of the events in this lawsuit involving Plaintiff or his employment at, or termination by, DOC.  See Ex. 2.  Nor is there any evidence that Plaintiff sought employment at BOP after his termination by DOC.  Accord Ex. 1 (letter from Plaintiff counsel accompanying subpoena).  In short, BOP has as much connection to these events as Google might have to an employment dispute between Microsoft and one its former employees.

The return correspondence from Plaintiff's counsel, Ex. 3, confirms this. Instead of addressing the particular objections in BOP's letter, Plaintiff's counsel merely repeated their assertions that "the information sought is central to proving Plaintiff's claim that he is unable to pursue his chosen profession as a correction officer." See Ex.3 at 1. Plaintiff's attempted description of a connection between BOP and Plaintiff's "chosen profession" is conclusory at best: "As the primary federal government agency that employs correction officers, BOP's policies, procedures, and practices are directly relevant to this litigation." Id.

Nothing in the materials Plaintiff provided BOP, however, demonstrates either that Plaintiff has sought employment at BOP or at any federal correctional agency. In the absence of even that sort of tenuous connection, therefore, BOP reasonably took the position in its objection letter that the subpoena seeks the testimony of an unretained expert, whose only relevance would be to provide testimony--as experts do--about industry-wide standards or practices. See Ex. 2.

**Argument:** Third-party subpoenas are governed by Rules 45 and 26, and the D.C. Circuit has given specific guidance about federal agency recipients in Watts v. SEC, 482 F.3d 501 (D.C. Cir. 2007). Rule 45 protects against attempts to obtain free expert testimony by empowering the Court to quash subpoenas that seek "an *unretained expert's opinion or information that does not describe specific occurrences in dispute* and results from the expert's study that was not requested by a party[.]" Fed. R. Civ. Pro. 45(c)(3)(B)(ii) (emphasis added). The Rule aims to prevent the abuse of subpoena power to force experts to testify without being contracted, per the traditional, professional practice of engaging experts. See generally Wright & Miller, Fed. Pract. & Proc. § 2033 ("Expert Witnesses—Discovery From Experts Not Specially Retained").

The D.C. Circuit in Watts amplified that the Court should not hesitate to protect federal

2

agencies from this form of free-loading:

> With these tools, district courts in cases involving third-party subpoenas to government agencies or employees can adequately protect both the litigant's right to evidence and the "government's interest in not being used as a *speakers' bureau for private litigants*."

482 F.3d at 509 (quoting Exxon Shipping Co. v. Dep't of Interior, 34 F.3d 774, 780 (9th Cir.1994)) (emphasis added).  See also Comsat Corp. v. Nat'l Sci. Found'n, 190 F.3d 269 (4th Cir. 1999) (quashing a third party subpoena on a federal agency).

This is exactly the situation here.  BOP has *no* connection to the particulars of Plaintiff's case; the *only* thing BOP might add is expert descriptions of industry practices that *might* affect Plaintiff, but *only* if there are in fact industry-wide practices (which is yet another assumption for which Plaintiff offers no support).  Moreover, the document requests are overbroad, unduly burdensome, and seek material protected by regulation concerning background checks and security clearances for prospective employees, see 28 C.F.R. § 16.26(a)(5) and Ex. 2.  The subpoena should be quashed.

July 16, 2008

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


  /s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


  /s/
_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

≈AO88 (Rev. 12/06) Subpoena in a Civil Case

**RECEIVED**

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

JUN 1 2 2008

BUREAU OF PRISONS
OGC/LITIGATION BRANCH

Emmette McCormick, Jr.

V.

District of Columbia, et. al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   07-0570 (EGS)

TO:   Federal Bureau of Prisons
320 First Street, NW
Washington, DC 20534

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Robert C. Seldon & Associates, P.C. | DATE AND TIME |
|---|---|
| 1319 F Street, NW, Ste 200, Washington D.C. 20004 | 7/3/2008 1:00 pm |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attn for Plaintiff | 6/11/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jennifer R. Amore, Esq., Robert C. Seldon & Associates, P.C.
1319 F Street, NW, Ste 200, Washington, D.C. 20004

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

_____
DATE

SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (b) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
   (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# *Robert C. Seldon & Associates, P.C.*

*Attorneys-At-Law*
*1319 F Street, N.W., Suite 200*
*Washington, DC 20004*  Accepted on behalf ~~~
*202.39*3.8200 · fax: 20.-318.22* Bureau of Prisons or other name ·
official in his/her official capacity only

Date 6/12/08

June 11, 2008

Federal Bureau of Prisons
c/o Kathleen M. Kenney, Esq.
General Counsel
320 First Street, NW
Washington, D.C. 20534

## RECEIVED

JUN 1 2 2008

BUREAU OF PRISONS
OGC/LITIGATION BRANCH

Re:    McCormick v. District of Columbia, et. al, C.A. No. 07-0570 (EGS)

Dear Ms. Kenney:

We represent Emmette McCormick, the plaintiff in the action identified above. Under cover of this letter, we have forwarded a subpoena calling for the deposition of a designated agent of the Bureau of Prisons, pursuant to Federal Rule 30(b)(6), as well as a check for the witness fee and mileage expenses. A copy of the Amended Complaint has also been forwarded for your review.

This letter is intended to satisfy the requirements imposed under Touhy v. Ragen, 340 U.S. 462 (1951).

Mr. McCormick was terminated from his position as a corrections officer with the District of Columbia Department of Corrections as the result of an internal affairs finding. The testimony of a designated agent from the Bureau of Prisons is needed to explain the policies, practices, procedures, and guidelines employed by the Bureau of Prisons in the hiring, re-hiring, employment of, and termination of law enforcement officers.

As the Complaint alleges, this action arises under the Fifth Amendment of the Constitution, 42 U.S.C. § 1983, and the D.C. Whistleblower Statute, §§ 1-615.51 et seq. Mr. McCormick was formerly employed as a supervisory correctional officer with the D.C. Department of Corrections. On March 31, 2006, the Department of Corrections terminated Mr. McCormick on the basis of an internal affairs finding.

Ms. Kathleen M. Kenney
June 11, 2008
Page 2

The subjects of designated agent or agents' testimony will include the Bureau of Prisons' personnel policies, practices, procedures, and guidelines concerning the hiring and re-hiring of applicants for law enforcement officer positions; the hiring and re-hiring of applicants for law enforcement officer positions who have been terminated from previous law enforcement employment; the hiring and re-hiring of applicants over the age of thirty-seven; the employment of law enforcement officers who failed to disclose information on employment applications; the employment of law enforcement officers who engage in misconduct; and the termination of law enforcement officers. There is no substitute for this testimony to provide this information. We anticipate that the deposition will take no more than three hours.

We selected the afternoon of July 3, 2008, for the deposition, a day when another witness in the case will also be deposed. We would very much like to keep to this schedule, but naturally will work to coordinate the deposition with the General Counsel's office.

To my understanding, this information satisfies the Tuohy requirements. If anything more is needed, please contact me and we will be glad to provide it.

I look forward to hearing from you as soon as your schedule permits to confirm the appearance of a designated agent.

Sincerely,

/s/ Jennifer R. Amore

Jennifer R. Amore

cc:    Ron W. Gill, Esq.
       Emmette McCormick

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EMMETTE McCORMICK, JR.**            )
                                     )
    **Plaintiff,**                    )
                                     )
            **v.**              )
                                     )
**DISTRICT OF COLUMBIA, et al.,**     )
                                     )
    **Defendants.**                   )
                                     )

**Civ. Action No. 07-0570 (EGS)**

## NOTICE OF RULE 30(b)(6) DEPOSITION

TO:    U.S. Federal Bureau of Prisons
        c/o Kathleen M. Kenney, Esq., General Counsel
        320 First Street, NW
        Washington, DC 20534

    PLEASE TAKE NOTICE that, pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, Plaintiff will take the deposition upon oral examination of the designated representative(s) of the U.S. Federal Bureau of Prisons, before a Notary Public or other person authorized to administer oaths at the offices of counsel for Plaintiff, Robert C. Seldon, Esq., Robert C. Seldon & Associates, P.C., 1319 F Street, N.W., Suite 200, Washington, D.C. 20004.

    The subjects of the foregoing deposition will be as follows:

    1.)    Bureau of Prison regulations, practices, guidelines and procedures concerning the hiring or re-hiring of correctional officers or other law enforcement officers, including but not limited to application processes, background checks, interview processes, and security clearance processes;

    2.)    Bureau of Prison regulations, practices, guidelines and procedures concerning the hiring or re-hiring of correctional officers, or other law enforcement officers, who were terminated from a previous law enforcement or correctional officer position for misconduct,

1

including, but not limited to, the use of excessive force on an inmate, suspect, or other person; assault on an inmate, suspect, or other person; and/or misrepresentation or lying under oath during an internal investigation or other investigation or administrative inquiry, or in court or other adjudicative proceeding.

3.) Bureau of Prison regulations, practices, guidelines and procedures concerning the hiring or re-hiring of correctional officers, or other law enforcement officers, who have been terminated from a previous law enforcement or correctional officer position for misconduct, charges of misconduct, conviction of a crime, criminal investigation, criminal activity, or for findings of an internal affairs investigation;

4.) Bureau of Prison regulations, practices, guidelines and procedures concerning the hiring or re-hiring of applicants for correctional officer positions, or other law enforcement officer positions who are over the age of thirty-seven (37);

5.) Bureau of Prison regulations, practices, guidelines and procedures concerning the employment and continued employment of correctional officers, or other law enforcement officers, who fail to disclose information on applications for employment including, but not limited to, the termination of prior employment;

6.) Bureau of Prison regulations, practices, guidelines, and procedures concerning the employment and continued employment of correctional officers, or other law enforcement officers, who engage in misconduct, charges of misconduct, conviction of a crime, for findings of an internal affairs investigation, criminal activity, or criminal investigation; and

7.) Bureau of Prison regulations, practices, guidelines and procedures of and in terminating correctional officers or other law enforcement officers.

2

The deposition will be conducted at the date and time specified below:

| Deponent | Date | Time |
|----------|------|------|
| U.S. Bureau Of Prisons, Designee | July 3, 2008 | 1:00 PM |

Please bring the documents identified in Attachment A to the deposition.

Counsel for defendants is invited to attend and cross-examine.

Respectfully submitted,

_____/s/_____

Robert C. Seldon, Esq.
 D.C. Bar No. 245100
Jennifer R. Amore, Esq.
 D.C. Bar No. 975907
Robert C. Seldon & Associates, P.C.
1319 f Street, N.W., Suite 200
Washington, D.C. 20004
202.393.8200

# ATTACHMENT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **EMMETTE McCORMICK, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civ. Action No. 07-0570 (EGS)** |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Emmette McCormick, Jr., hereby propounds Plaintiff's Request for Production of Documents, pursuant to Rule 34, Fed. R. Civ. P. on the Federal Bureau of Prisons. <u>Serve a copy of your Answers and Objections on July 3, 2008 at the deposition of the designated party,</u> at Robert C. Seldon & Associates, P.C., 1319 F Street, N.W., Suite 200, Washington, D.C., 20004. Respond in accordance with the Instructions and Definitions contained herein, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

**INSTRUCTIONS**

This discovery initiative extends to all responsive information and documents within your custody or possession or otherwise subject to your control, whether located on your business premises, or at the business premises or residences of your agents, attorneys, officers, representatives, employees, contractors, sub-contractors, parents, holding companies, affiliates, offices, officials, members, directors, representatives, employees, agencies, departments, councils, bureaus, subsidiaries, units, divisions, and parts, or elsewhere.

**<u>Segregate and index all responsive documents according to the number of the Request For Production to which they respond</u>.**

1

If any responsive information or documents cannot be or are not produced in full due to their loss, destruction, or misplacement, identify all such information and documents; provide a complete and accurate account of the reasons for non-production and the circumstances surrounding their destruction, loss, or unavailability; identify persons with personal knowledge of the circumstances surrounding their destruction, loss, or unavailability; and respond to the fullest extent possible.

If any responsive documents or information is withheld on the grounds of privilege, identify:

    a.)    the author(s), address(es), recipients(s), present custodian(s), and date(s) of all such documents;

    b.)    all other persons who have seen or learned of all or part of any such document;

    c.)    the subject matter and contents of each such document:

    d.)    the specific basis for the claim of privilege; and

    e.)    all other information necessary to adjudicate the propriety of your claim of privilege.

In responding to this discovery initiative, you have a duty to consult every available source including, but not limited to your agents, attorneys, officers, representatives, employees, contractors, sub-contractors, affiliates, officers, directors, representatives, employees, agencies, departments, bureaus, subsidiaries, units, divisions, councils, and parts.

This discovery initiative is continuing in character and must be supplemented to the extent required by the Federal Rules of Civil Procedure, and the Local Rules of this Court.

### *DEFINITIONS*

2

Unless the text indicates to the contrary:

A.     "You" or "your" means the Federal Bureau of Prisons, and all of your agents, attorneys, officers, representatives, employees, contractors, sub-contractors, affiliates, parents, holding companies, offices, officials, members, directors, representatives, employees, agencies, departments. bureaus, subsidiaries, units, divisions, parts, offices, parents, predecessors, successors, or assigns.   Where documents, knowledge or information in your custody or possession or subject to your control is requested or referred to, such request or reference includes documents, knowledge, and information in the custody or possession or subject to the control of all of the foregoing persons and entities.

B.     "The agency" means the Federal Bureau of Prisons.

C.     "Document" means the original and all non-identical copies of all writings, emails, drawings, graphs, charts, and plans; photographs, tapes, and recordings; compact disks, laser disks, computer disks and other computer recordations or storage mediums and print-outs thereof; and digital, electronic, and electro-magnetic records.

D.     "Person" means any individual, government entity, natural person, corporation, partnership, association, joint venture. sole proprietorship. limited liability company, firm or other business enterprise or legal entity, or any of such person's agents, attorneys, officers, representatives, employees, contractors. sub-contractors, affiliates, offices, officials, members. directors, representatives, employees, agencies. departments, bureaus, subsidiaries, units, divisions, parts, parents, holding companies, predecessors, successors, or assigns.

E.     "Identify" with respect to a person means to provide each such person's name and last known business address. place of residence, and business and residence telephone numbers.

3

F.    "Identify" with respect to a document means to provide a description thereof, its title, the date of its creation and transmission(s), its author(s), its recipient(s), its subject matter(s), and all attachments there.

G.    "And" and "or" mean "and/or."

H.    Use of the singular is deemed to include the plural and vice versa.

I.    Use of the feminine is deemed to include the masculine and vice versa.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.)    All regulations, policies, procedures, and/or guidelines concerning the hiring or re-hiring of correctional officers or other law enforcement officers, including but not limited to application processes, background checks, interview processes, and security clearance processes.

2.)    All documents that refer or relate, to the hiring or re-hiring of correctional officers, including but not limited to, job applications, background information forms, security clearance forms, and application and interview rating guidelines and/or forms.

3.)    All regulations, policies, procedures, and/or guidelines concerning the continued employment of correctional officers, or other law enforcement officers, who were terminated from a previous correctional officer position, or other law enforcement officer position, for misconduct, including but not limited to, the use of excessive force on an inmate, suspect, or other person; assault on an inmate, suspect, or other person; and/or misrepresentation or lying under oath during an internal investigation or other investigation or administrative inquiry, or in court or other adjudicative proceeding.

5.)    All regulations, practices, guidelines, and procedures concerning the hiring or re-hiring of correctional officers, or other law enforcement officers, who have been terminated from a previous law enforcement or correctional officer position for misconduct, charges of

4

misconduct, conviction of a crime, criminal investigation, criminal activity, or for findings of an internal affairs investigation.

6.) All regulations, practices, guidelines, and procedures concerning the hiring or re-hiring of applicants for correctional officer positions, or other law enforcement positions, who are over the age of thirty-seven (37).

7.) All regulations, practices, guidelines, and procedures concerning the employment and continued employment of correctional officers, or other law enforcement officers, who fail to disclose information on applications for employment including, but not limited to, the termination of prior employment.

8.) All regulations, practices, guidelines, and procedures concerning the employment and continued employment of correctional officers, or other law enforcement officers, who engage in misconduct, charges of misconduct, conviction of a crime, for findings of an internal affairs investigation, criminal activity, or criminal activity.

Respectfully submitted,

_____//s//_____
Robert C. Seldon, Esq.
D.C. Bar No. 245100
Jennifer R. Amore, Esq.
D.C. Bar No. 975907
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C. 20004
202.393.8200

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June 2008 I served a copy of the foregoing Notice of Rule 30(b)(6) Deposition and Request for Production of Documents by e-mail, upon:

Ronald W. Gill, Esq.
Assistant Attorney General
Office of the Attorney General
District of Columbia
Civil Litigation Division, Section III
441 Fourth St., N.W. Sixth Fl. South
Washington, DC 20001

//s//
Jennifer R. Ambre

6



**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*

*555 Fourth St., N.W.*
*Washington, D.C.  20530*

June 24, 2008

Jennifer R. Amore, Esq.
Robert C. Seldon & Associates
1319 F Street, NW, Suite 200
Washington, DC 20004

*via First Class Mail, fax (202) 318-2287, and email jra@rcseldon-associates.com*

Re:     **Emmette McCormick, Jr. v. District of Columbia**
        Civil Action No.: 07-0570 (EGS) (D.D.C.)

Dear Ms. Amore:

    This responds to your subpoena *duces tecum*, your Notice of Rule 30(b)(6) Deposition, and your *Touhy* request, all issued to the Federal Bureau of Prisons ("BOP") and dated June 11, 2008.  As explained below, BOP grants in part the request for information, denies it in part, and objects to deposition and other requests for information.

    As explained in your written submissions, your subpoena *duces tecum* seeks production from BOP of:

1.     All regulations policies, procedures, and/or guidelines concerning the hiring or re-hiring of correctional officers or other law enforcement officers, including but not limited to application processes, background checks, interview processes, and security clearance processes.

2.     All documents that refer or relate, to the hiring or re-hiring of correctional officers, including but not limited to, job applications, background information forms, security clearance forms, and application and interview rating guidelines and/or forms.

3.     All regulations, policies, procedures, and/or guidelines concerning the continued employment of correctional officers, or other law enforcement officers, who were terminated from a previous correctional officer position, or other law enforcement position, for misconduct, including but not limited to, the use of excessive force on an inmate, suspect, or other person; assault on an inmate, suspect, or other person; and/or misrepresentation or lying under oath during an internal

investigation or other investigation or administrative inquiry, or in court or other adjudicative proceeding.

4.    All regulations, policies, procedures, and/or guidelines concerning the hiring or re-hiring of correctional officers, or other law enforcement officers, who were terminated from a previous correctional officer position, or other law enforcement position, for misconduct, charges of misconduct, conviction of a crime, criminal investigation, criminal activity, or for findings of an internal affairs investigation.

5.    All regulations, policies, procedures, and/or guidelines concerning the hiring or re-hiring of correctional officers, or other law enforcement officers, who are over the age of thirty-seven (37).

6.    All regulations, policies, procedures, and/or guidelines concerning the employment and continued employment of correctional officers, or other law enforcement officers, who fail to disclose information on applications for employment including, but not limited to, the termination of prior employment; and

7.    All regulations, policies, procedures, and/or guidelines concerning the continued employment of correctional officers, or other law enforcement officers, who engage in misconduct, charges of misconduct, conviction of a crime, for findings of an internal affairs investigation, criminal activity, or criminal activity.

The subpoena requires production of the records by July 3, 2008.  Your Notice of Rule 30(b)(6) Deposition requests the deposition of a designated agent of the BOP to testify to the same matters, also on July 3, 2008.

According to the complaint you provided with your requests, the above-captioned case involves claims of employment discrimination brought by your client, a former employee of the District of Columbia Department of Corrections.  BOP is not a party to the above-captioned civil action, nor have you provided any information suggesting that BOP has had any role in the underlying events at issue in the civil action.

In response to your request for written records, please be advised that the BOP has identified two policy documents, referred to as "program statements" responsive to your request. These documents are entitled Program Statement 3000.03 Human Resource Management Manual (Dec. 19, 2007), and Program Statement 3420.09 Standards of Employee Conduct (Feb. 5, 1999), both of which are available on the BOP's public website (www.bop.gov).  Because you may access them directly via the internet, it is not necessary to enclose them herein.

As to any other records that may be responsive to your numerous requests, BOP objects to the requests and refuses to produce them, pursuant to Federal Rule of Civil Procedure

("FRCP") 45(c)(3)(A)(iv), which protects a party served with a subpoena duces tecum from undue burden.  Your request would require a broad and extensive search for additional information, which may or may not exist, yet there is no indication that the additional time, effort, and expense would locate records of marginal relevance beyond the publicly available information described above.  Indeed, because that it does not appear that BOP is in any way connected to the events of the litigation, it is difficult to see how any of the requested material is even relevant at all.  Accordingly, the balance struck by Rule 45 strongly weighs against your request.  See, e.g., Watts v. SEC, 482 F.3d 501, 509 (D.C. Cir. 2007); see generally FRCP 26(b).

Further, BOP objects to producing any documents responsive to your request for information concerning the practice of performing background checks on and obtaining security clearances for employees or prospective employees.  Pursuant to 28 C.F.R. § 16.26(a)(5), disclosure of this information would reveal investigatory records compiled for law enforcement purposes, and would disclose investigative techniques and procedures the effectiveness of which would thereby be impaired.  Such disclosure is prohibited by Department of Justice regulations.  Additionally, Rule 45(c)(3)(A)(iii) of the FRCP protects the disclosure of information that is privileged or otherwise protected material.

With regard to your request for the deposition of a BOP representative, BOP's position is that, based upon a review of the information you provided,  this constitutes the disclosure of an unretained expert opinion, specifically prohibited by FRCP Rule 45(c)(3)(B)(ii), and therefore, BOP will not comply.  See Watts, 482 F.3d at 509 (noting the need to protect "the government's interest in not being used as a speakers' bureau for private litigants.").  Moreover, you have not provided information required for the court even to consider modifying your requests, per Rule 45(c)(3)(C), because, first, your assertion that the information is available only from BOP is unpersuasive, even if true, in that there is no antecedent explanation for why BOP's information is relevant, much less critical, to the case.  Second, you have not offered the reasonable compensation for the efforts your requests necessarily impose on BOP.

BOP requests you withdraw the subpoena and Notice of Deposition and send written confirmation of the withdrawal to Assistant United States Attorney Alan Burch by 2:00pm, Wednesday, June 25, 2008.  If we do not receive written confirmation by then, BOP will move to quash the subpoena and Notice.  Please call Mr. Burch at (202) 514-7204 to discuss the matter further.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By:    /s/

Alan Burch
Assistant United States Attorney

3

# *Robert C. Seldon & Associates, P.C.*

*Attorneys-At-Law*
*1319 F Street, N.W., Suite 200*
*Washington, DC  20004*
*202.393.8200 · fax: 202.318.2287*

*Sender's Email: jra@rcseldon-associates.com*

July 9, 2008

**VIA EMAIL & FIRST CLASS MAIL**
Mr. Alan Burch
Assistant United States Attorney
Civil Division
555 Fourth Street, NW
Washington, DC 20530

Re:    **McCormick v. District of Columbia, C.A. No. 07-0570**

Dear Mr. Burch,

I am writing in response to your June 24, 2008 letter.  It is our understanding based upon your letter that the BOP grants in part the request for information, denies it in part, and objects to the deposition and other requests for information.

BOP fundamentally misunderstands the reason for seeking to depose a designated agent of the BOP and obtain copies of relevant documents.  It is not to serve as an expert witness – the information sought from BOP is central to the case.  Plaintiff's claims arise, in part, from the Fifth Amendment of the Constitution as well as 42 U.S.C. § 1983.  Plaintiff was terminated based upon an Internal Affairs finding.  He alleges that the District of Columbia's termination of his employment deprived him of his liberty interest in his continued pursuit of his chosen occupation as a correctional officer without due process of law.  The information sought from BOP is central to proving Plaintiff's claim that he is unable to pursue his chosen occupation as a correctional officer when he was terminated from a law enforcement position based upon an Internal Affairs finding.  See O'Donnell v. Barry, 148 F.3d 1126, 1139-40 (D.C. Cir. 1998)

BOP's participation as a third party, fact witness in discovery is undeniably necessary.  As the primary federal government agency that employs correctional officers, BOP's policies, procedures, and practices are directly relevant to this litigation.  As such, the document requests

served on BOP are necessary, and the requests are narrowly tailored for the information sought. The argument that seven document requests present an undue burden on the Agency due to the return date is meritless. The July 3, 2008 deadline was continued, and the discovery period on this case was extended to August 18, 2008, in great part to allow time for discovery from BOP. This extension provides ample time for BOP to conduct a reasonable search for requested documents, apart from the two program statements cited in the June 24, 2008 letter.[1] Further, we are willing to work with you in scheduling the deposition of the BOP agent at a mutually convenient time so that the Agency may locate relevant documents to bring to the deposition.

Regarding BOP's objection to the Rule 30(b)(6) deposition, this objection, as well, is groundless. The deposition of a BOP representative is not being sought for the purposes of an unretained expert opinion. As described above, Plaintiff's claims, in part, derive from a violation of his liberty interest in pursuing his chosen occupation under the Fifth Amendment to the Constitution and 42 U.S.C. § 1983. Due to his termination from the District of Columbia Department of Corrections, on the basis of an Internal Affairs finding, Plaintiff is unable to pursue his chosen occupation in law enforcement. The deposition of a BOP agent is necessary in order to obtain testimony concerning the federal government's policies, procedures, and practices concerning the employment of correctional officers.

There is already a protective order in place ensuring the confidentiality of records designated for confidential treatment by either party. A copy is enclosed with this letter. We are amenable to extending the coverage of the protective order to BOP or entering into a separate protective order if you consider one necessary.

As for BOP's statement that reasonable compensation was not offered, enclosed with the Notice of Deposition and subpoena *duces tecum* was a check for $50.00, the standard witness appearance and travel fees. The deposition will occur in Washington, D.C. and does not require extensive travel on the part of the BOP agent. Accordingly, we believe $50.00 is reasonable compensation for the Agency's efforts.

If BOP is unwavering in its position to our requests, then we will set up a conference with Judge Emmette Sullivan next week, as per his instructions at the initial scheduling conference. Please let us know your availability next week so we can contact Chambers.

---

[1]    We have obtained Program Statements 3000.03 Human Resources Management Manual (December 19, 2007) and 3420.09 Standards of Employment Conduct (February 5, 1999). Please provide the page citations in these documents that are responsive to our requests.

Should you have any questions, or would like to discuss this further, please do not hesitate to contact us.


Sincerely,


//s//

Robert C. Seldon
Jennifer R. Amore


cc:  Emmette McCormick, Jr.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EMMETTE McCORMICK, JR.,          )
                                 )
        Plaintiff,          )
                                 )
        v.          )  **Civil Action No. 07-0570 (EGS)**
                                 )
DISTRICT OF COLUMBIA, et al.,          )
                                 )
        Defendants.          )
                                 )

## STIPULATED PROTECTIVE ORDER

      The parties to this action anticipate seeking and/or disclosing personnel, medical, corrections and law enforcement records that are likely to contain confidential information, including, but not limited to, information and records protected by D.C. Code § 1-631.01 (2001), 6 DCMR § 3100 *et seq.*, or the Health Insurance Portability and Protection Act. In order to permit the parties to discover and disclose relevant confidential information and records, pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties agree and it is hereby:

      ORDERED that, subject to the terms of this Protective Order, counsel for defendants is authorized to release information and records otherwise protected from disclosure by law without obtaining prior written consent of the individuals to whom such records pertain provided that such information is reasonably related to this litigation.

      ORDERED that whenever counsel for any party believes that it may be disclosing personnel, medical, corrections and law enforcement records that are likely to contain confidential information, including, but not limited to, information and records protected by D.C. Code § 1-

1

631.01 (2001), 6 DCMR § 3100 *et seq.*, or the Health Insurance Portability and Protection Act, or that may contain other types of confidential, corrections, or law enforcement information, the following procedures shall be employed:

    1.)    Counsel for the party producing records containing confidential information shall designate information and records as subject to this Order by letter or by marking documents containing such information with the notation "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL." Either party designating material as protected hereunder represents that it has done so in good faith and pursuant to a <u>bona</u> <u>fide</u> belief that such materials are in fact confidential, deserving of protection, and entitled to protection under this Protective Order.

    2.)    Upon request from the other party, counsel for the producing party will promptly explain its basis for designating material as being subject to the Protective Order.

    3.)    Either party's counsel may, at any time, object to the designation of material as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected.

    4.)    Documents identified as "CONFIDENTIAL" pursuant to this Protective Order shall be used only with respect to the litigation of this action and not disseminated to persons other than the named parties; counsel for the named parties or their agents or experts for use with respect to this litigation; witnesses in the course of deposition or at trial, in the good faith belief that examination with respect to confidential documents is necessary for legitimate discovery

2

purposes; and this Court and its employees, the triers of fact and court reporters transcribing testimony herein and notarizing officers.

5.)    Documents identified as "CONFIDENTIAL MEDICAL" pursuant to this Protective Order shall be used only with respect to the litigation of this action and not disseminated to persons other than counsel of record for the parties, or their agents or experts for use with respect to this litigation; witnesses in the course of deposition or at trial, in the good faith belief that examination with respect to confidential documents is necessary for legitimate discovery purposes; and this Court and its employees, the triers of fact and court reporters transcribing testimony herein and notarizing officers. No current or former officials or employees of the District of Columbia or the Department of Corrections, with the exception of the General Counsel, Deputy General Counsel, other mutual agreeable agency counsel at the Department of Corrections, or individually named defendants, shall have access to plaintiff's records designated "CONFIDENTIAL MEDICAL," although the Court will upon request reconsider such access at a time when defendant believes such access has become necessary for purposes of considering settlement and/or trial.

6.)    Prior to the disclosure of "CONFIDENTIAL" OR "CONFIDENTIAL MEDICAL" documents or information to any persons described in the preceding paragraph other than counsel of record, counsel for the parties shall provide such persons with a copy of this Order and shall advise them that the disclosure of these documents is subject to the terms of this Protective Order. Confidential documents shall be disclosed to an expert or an individual defendant only after such person has signed a copy of this Protective Order thereby affirming that they have read and agree to be bound by the terms of this Protective Order. Upon request, counsel for the parties shall

advise opposing counsel in writing that he has complied with the provisions of this Order. "CONFIDENTIAL MEDICAL" documents or information that is provided to counsel for fewer than all parties' shall be provided to counsel for all parties upon receipt.

7.) Defendants may redact from these confidential documents the following types of information: home addresses, home or personal phone numbers, personal e-mail addresses, dates of birth, Social Security Numbers, health and life insurance information, personal automobile information, and any medical documentation; provided, however, that upon request by counsel for plaintiff, unless the person to whom such information pertains has consented to defendants' counsel of record or agency counsel at the Department of Corrections accepting service of process on his behalf, accepting a notice of deposition on his behalf, or arranging for plaintiff's counsel to communicate with that individual, home addresses, home or personal phone numbers, and personal e-mail addresses shall be provided to counsel for plaintiff absent further Order of the Court if such information is in defendant's possession.

8.) When this proceeding has concluded and the time for an appeal or appeals has expired, Plaintiff shall within sixty (60) days of written request by counsel: (1) either destroy, or gather and return to counsel, all such confidential records including those provided to experts and summaries or abstracts of confidential records provided to or possessed by experts, and (2) serve on counsel a letter signed by counsel, certifying that to the best of counsel's knowledge and belief, all such confidential records have been either destroyed, or gathered and returned.

9.) This Protective Order shall continue in effect after the conclusion of this action. Counsel for the parties may retain abstracts or summaries of confidential records which contain counsel's mental impressions or opinions or such abstracts or summaries. Such abstracts and

4

summaries shall remain subject to this Protective Order.

10.) The parties shall not file "CONFIDENTIAL" OR "CONFIDENTIAL MEDICAL" on the public docket of this action.

11.) If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of records that have been designated as subject to this Order pursuant to paragraph one, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraph one of this Consent Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, and the words "under seal."

12.) Nothing in this Protective Order should be taken as limiting the right of any party to offer documents and information covered by this Order into the record of this action in redacted form that deletes "CONFIDENTIAL" and "CONFIDENTIAL MEDICAL" information and records and from which such information cannot be determined.

13.) Nothing contained in this Protective Order shall be construed as precluding Plaintiff or Defendants from introducing materials that are subject to this Order, or the contents thereof, into evidence at the trial of this case, at which point the continued confidential treatment of "CONFIDENTIAL" OR "CONFIDENTIAL MEDICAL" documents or information will be adjudicated de novo.

14.) This Order is without prejudice to the rights of any party to seek from the Court

the modification of this Order or to object the a party's designation of documents or information

as "CONFIDENTIAL" OR "CONFIDENTIAL MEDICAL."

SO ORDERED:

_____
EMMET G. SULLIVAN
United States District Judge

Dated this ____ day of ____, 2007.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMETTE MCCORMICK, JR.,    ) | |
|                ) | |
|       Plaintiff,   ) | Civil Action No.: 07-0570 (EGS) |
|                ) | |
|       v.            ) | |
|                ) | |
| DISTRICT OF COLUMBIA, *et al.*,   ) | |
|                ) | |
|       Defendant.   ) | |
|                ) | |

## <u>ORDER ON MOTION TO QUASH</u>

UPON CONSIDERATION of the motion to quash by the Federal Bureau of Prisons

("BOP"), and the entire record herein, it is hereby

ORDERED that the motion is GRANTED, and it is further

ORDERED that the subpoena issued by Plaintiff to BOP dated June 11, 2008, and the

accompanying Notice of Deposition and Request for Production of Documents, are QUASHED,

and it is further

ORDERED that Plaintiff may not seek such information from BOP with engaging BOP

as an expert, either contractually or otherwise by consent of BOP.

So ordered.  This _____ day of July, 2008.


_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE