UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMETTE McCORMICK, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0570 (EGS) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION TO QUASH OF THE BUREAU OF PRISONS**

The federal government refused to participate in third-party discovery for <u>any</u> reason and in <u>any</u> capacity whatsoever until two years ago, when the D.C. Circuit issued <u>Yousuf v. Samantar</u>, 451 F.3d 248 (D.C. Cir. 2006). The government excused itself from third-party discovery with a constricted interpretation of Rule 45, Fed. R. Civ. P. According to the government, under Rule 45(a)(1)(C), a subpoena could only be issued to a "person," which supposedly exempted federal agencies. <u>Id</u>. at 249. In <u>Yousuf</u>, the D.C. Circuit rejected this argument on many grounds. <u>Id</u>. at 254-57. One in particular bears remembering:

> '[T]he terms of the third party subpoena-deposition provisions are unqualified, and no considerations of policy can afford an exemption to the Government.'

<u>Id</u>. at 257 (quoting R. Berger and A. Krash, <u>Government Immunity From Discovery</u>, 59 Yale L.J. 1451, 1465-66 (1950)).

Paying little regard to the actual subjects of plaintiff's third-party discovery, the government is once again relying on Rule 45 in the attempt to excuse participation by the Bureau of Prisons ("BOP") (Motion Quash at 2). According to BOP, it may not be compelled to give third-party fact discovery, supposedly because it is an unretained expert whose participation

1

cannot be compelled by virtue of Rule 45(c)(3)(B)(ii). Id. BOP's motion is meritless. It fails to focus on the actual, discoverable information sought by plaintiff; and has consumed more time in judicial resources than will be needed by BOP to respond.

The Federal Rules of Evidence specifically define an expert as a witness called to "testify … in the form of an opinion." Rule 702, F. R. Evid. (emphasis supplied). BOP's participation in third-party discovery is not, as BOP contends, being sought to secure an expert opinion about "industry practices" in the correctional field (Mot. to Quash at 3). Rather, plaintiff aims to ascertain whether his dismissal by the D.C. Department of Corrections ("DOC") as a result of a pretextual investigation into plaintiff's alleged use of excessive force against an inmate would preclude or substantially affect his employment by BOP (Att. B[1]). This is a purely factual inquiry, which was made expressly clear by the Touhy materials that accompanied plaintiff's discovery initiative and its follow-up correspondence with counsel for BOP (Att. C, D).[2]

Every single bit of the third party discovery plaintiff served on BOP was directed to obtaining information about BOP "regulations, practices, guidelines, and procedures," not general industry standards or any study of them (Att. B at 5-7).[3] Even if the information and documents sought by BOP is the stuff of expert opinion – which it decidedly is not – BOP would remain obligated to respond. "Experts," as the Advisory Committee Notes to Rule 45 make clear, "are not exempt from the duty to give evidence." 1991 Notes of Advisory Committee

---

[1] Attachments A through E accompanied Plaintiff's Memorandum in Response to the Court's Order to Compel Discovery from the Federal Bureau of Prisons (Docket No. 29). Attachment F accompanies this Opposition.

[2] Those materials also refute BOP's contention that the information in its possession has "no connection" to this litigation (Mot. to Quash at 3). The information and documents plaintiff seeks from BOP are highly relevant to proving that defendants' actions deprived him of a liberty interest in his continued career in the correctional field. O'Donnell v. Barry, 148 F.3d 1126, 1141 (D.C. Cir. 1998) (citing Kartseva v. Department of State, 37 F.3d 1524, 1528 (D.C. Cir. 1994); discussing Board of Regents v. Roth, 408 U.S. 564, 573-78 (1972)).

[3] Plaintiff is in the process of obtaining discovery from the DOC about its employment practices and how, if at all, plaintiff's unlawful termination would affect his being re-employed there (Att. F).

(¶27), Rule 45, Fed. R. Civ. P. (citing Carter-Wallace, Inc. v. Otte, 474 F.2d 529 (2nd Cir. 1972)). The key issue, insofar as is relevant here, is "'the degree to which the expert is being called because of his knowledge of facts relevant to the case rather than in order to give opinion testimony.'"  1991 Notes of Advisory Committee (¶28), Rule 45, Fed. R. Civ. P. (citing Kaufman v. Edelstein, 539 F.2d 811, 822 (1976)).  No opinion testimony is being sought from BOP and, therefore, its participation is required.

BOP, oddly, takes refuge in the D.C. Circuit's decision in Watts v. SEC, 481 F.3d 501 (D.C. Cir. 2007).  Watts was not decided on the merits.  Instead, the D.C. Circuit held that it "lack[ed] subject-matter jurisdiction" to entertain the appeal.  Id. at 510.  BOP is simply wrong to rely on Exxon Shipping Corp. v. Department of Interior, 34 F.3d 774 (9th Cir. 1994).  There, the Ninth Circuit expressly held that the litigants' right to obtain "every man's evidence" in third party discovery applies to the federal government, subject only to the ordinary balancing test available to every litigant under Rule 45.  Id. at 779, 780.  The Court has already approved a stringent protective order to protect D.C.'s law enforcement interests (Att. E).  BOP was provided with that earlier in plaintiff's attempt to avoid a discovery dispute.  It remains free to join in that order if, as BOP contends, pursuant to 28 § 16.26(a)(5) it needs to protect material relating to background checks and security clearances for prospective employees.

                Respectfully submitted,

                _____//s//_____
                Robert C. Seldon, Esq.
                 D.C. Bar No. 245100
                1319 F Street, NW, Suite 200
                Washington, D.C. 20004
                (202) 393-8200