UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMETTE MCCORMICK, JR., | ) |
| Plaintiff, | ) Civil Action No.: 07-0570 (EGS) |
| v. | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

**BOP'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENA**

By failing to acknowledge that the Bureau of Prisons ("BOP") has already responded to the subpoena for documents and testimony served by plaintiff, plaintiff's opposition unfairly mischaracterizes the actions of BOP in this matter as obstructive when they have been anything but. See Pl.'s Opp. at 1-2. In fact, in response to the subpoena from plaintiff seeking information about BOP's regulations, practices, guidelines and procedures, BOP directed plaintiff to its publicly available regulations and procedures relating to hiring. Because plaintiff's opposition fails to identify any reason why that information is not reasonably sufficient, and any further response by BOP would pose an undue burden and be purely speculative, BOP's motion to quash plaintiff's request for testimony and additional information should be granted under Fed. R. Civ. P. 45.

The question before the Court is whether plaintiff should be allowed to go behind the BOP's policies and essentially require BOP to ponder whether BOP would have hired plaintiff for an unspecified position with only incomplete knowledge about plaintiff's application, experience, qualifications and possible past disciplinary issues involving the use of force while working for the District of Columbia. Because plaintiff offers no support for the notion that Rule 45 requires a non-governmental employer to respond to such attenuated and speculative discovery requests by

guessing how its policies would apply to a hypothetical employment application, the BOP simply requests that the Court recognize the unreasonable burden posed by BOP's having to respond further to this particular subpoena, and relieve the BOP of any obligation to respond further. See Fed. R. Civ. P. 45(c)(3)(A)(iv).

Nothing in plaintiff's opposition or the entire record suggests that he **ever** applied for any position at the BOP. Yet plaintiff's stated reason for needing the information being sought is "to ascertain whether his dismissal by the D.C. Department of Corrections ("DOC") as a result of a pretextual investigation into plaintiff's alleged use of excessive force against an inmate would substantially affect his employment by BOP." Pl.'s Opp. at 2. Although plaintiff vigorously asserts that such information is factual, and not the province of an expert opinion, the absence of any application from plaintiff to BOP renders plaintiff's inquiry purely hypothetical and impossible to lead to the discovery of admissible evidence, even if it is factual or lay opinion. See Fed. R. Civ. P. 26(b)(1) (scope of discovery); see also Fed. R. Evid. 602 (requiring personal knowledge of witness), 701 (requiring a rational basis for a lay opinion).

Indeed, plaintiff has never responded meaningfully to BOP's core objection to the irrelevancy of the information being sought as placing it outside the proper scope of discovery in the underlying action. Plaintiff clearly anticipates a defense based on failure to mitigate damages and is attempting to rebut it with evidence that plaintiff could not have obtained work at the BOP or perhaps elsewhere in the corrections field. See Pl.'s Opp. at 2 n.2. Plaintiff's request is based on two unspoken but faulty premises: (1) that BOP sets an industry standard for hiring at correctional facilities; and (2) that BOP could predict whether it would hire plaintiff and in what capacity based on nothing more than the highly selective information provided in the subpoena.

There is no evidence of the former, and Rule 45 should not be applied to require BOP to engage in the latter. Any consideration of employing plaintiff would have to include BOP's review of DOC's investigation of any alleged use of excessive force, and BOP has never conducted such a review because plaintiff has never sought employment by BOP. Thus, it would be worthless to any finder of fact for BOP to create documents or testimony speculating about what action it might take in response to a hypothetical employment application. See Fed. R. Civ. P. 45(c)(3)(B)(ii).

   The Court should decline plaintiff's invitation to cast aside the guidance in D.C. Circuit's decision in Watts so cavalierly merely because the Court's lack of jurisdiction prevented resolving the merits. See Pl.'s Opp. at 3. Plaintiff is unquestionably seeking to have the BOP opine on plaintiff's future employment prospects. Having obtained the policies that would apply to any current applications, plaintiff should not be allowed to go further and have BOP act as a speaker's bureau because the D.C. Circuit's Watts decision specifically warns against allowing subpoenas to the government to be misused in that way. See Watts, 482 F.3d at 509. Plaintiff's other observation that experts are required to provide discovery is unhelpful here precisely because that principle applies to experts retained by the parties to litigation, and not to experts who are third parties without any connection to the litigation, such as BOP here.

   Moreover, plaintiff's suggestion that the existence of a protective order could be helpful to safeguard sensitive law enforcement information relating to BOP's hiring and employment practices, including background investigations and security clearances, misses the point. Because the information beyond that already produced is highly irrelevant and speculative, the Court should not require BOP to attempt to apply either its publicly available or its law enforcement sensitive policies to a non-existent application for employment.

For all these reasons, BOP respectfully requests that the subpoena be quashed.

August 18, 2008                     Respectfully submitted,

---

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

---

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
---
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov